**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

In Re:                                                    Bk No.: 18-10118-EPK

SHAUN EDWARD MEHAFFEY,                 Chapter 13
KRYSTLE GAIL MEHAFFEY,

_____Debtors_____ /

**RESPONSE TO DEBTORS' MOTION TO COMPEL HOME POINT FINANCIAL
CORP AKA STONEGATE MORTGAGE CORP. TO PRODUCE
<u>PERMANENT LOAN MODIFICATION</u>**

Home Point Financial Corporation ("Creditor"), through its undersigned counsel, files

this Response to Debtors Motion to Compel Home Point Financial Corp aka Stonegate Mortgage

Corp. to Produce Permanent Loan Modification ("the Motion") (Doc 91), and in support thereof

avers as follows:

1.      The Debtors filed for Chapter 13 relief of January 4, 2018.

2.      Creditor holds a Mortgage securing the property located at 15201 85TH RD N,

LOXAHATCHEE, FL 33470.

3.      The Debtors filed the Motion on October 21, 2019.  The Debtors are seeking an

order compelling Creditor to produce a permanent loan modification.

4.      Creditor has approved the Debtors for a permanent loan modification, a copy of

which is attached hereto as Exhibit "A".

PH # 99783

**WHEREFORE**, Respondent Home Point Financial Corporation respectfully requests the Court deny the Debtors' Motion and for such other relief as is just and proper.

**I HEREBY CERTIFY**, that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Date:   November 5, 2019                    /s/ Stefan Beuge, Esquire
                                           Stefan Beuge, Esq., Florida Bar No. 68234
                                           Phelan Hallinan Diamond & Jones, PLLC
                                           2001 NW 64th Street
                                           Suite 100
                                           Ft. Lauderdale, FL 33309
                                           Tel: 954-462-7000 Ext. 56588
                                           Fax: 954-462-7001
                                           Email: stefan.beuge@phelanhallinan.com
                                           FLSD.bankruptcy@phelanhallinan.com

PH # 99783

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing, and any

applicable exhibits attached thereto, has been served electronically, or routed for service by U.S.

Mail, to the following:

SHAUN EDWARD MEHAFFEY
15201 85TH ROAD N
LOXAHATCHEE, FL 33470

KRYSTLE GAIL MEHAFFEY
15201 85TH ROAD N
LOXAHATCHEE, FL 33470

K DRAKE OZMENT
2001 PALM BEACH LKS BLVD #410
WEST PALM BEACH, FL 33409

ROBIN R WEINER
POB 559007
FORT LAUDERDALE, FL 33355

UNITED STATES TRUSTEE (SERVED ELECTRONICALLY)
OFFICE OF THE UNITED STATES TRUSTEE
51 SW FIRST AVENUE, ROOM 1204
MIAMI, FL 33130

Date:   November 6, 2019

/s/ Stefan Beuge, Esquire
Stefan Beuge, Esq., Florida Bar No. 68234
Phelan Hallinan Diamond & Jones, PLLC
2001 NW 64th Street
Suite 100
Ft. Lauderdale, FL 33309
Tel: 954-462-7000 Ext. 56588
Fax: 954-462-7001
Email: stefan.beuge@phelanhallinan.com
FLSD.bankruptcy@phelanhallinan.com

PH # 99783

# Exhibit "A"



HOME POINT FINANCIAL

Home Point Financial Corporation
4849 Greenville Avenue
Suite 800
Dallas, Texas 75206

November 4th, 2019                    VIA OVERNIGHT COURIER

SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY
15201 85TH RD N
LOXAHATCHEE, Florida 33470

Re:      Loan No.: ▮▮▮▮▮▮▮▮
         Property Address: 15201 85TH RD N, LOXAHATCHEE, Florida 33470

Dear SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY:

Enclosed please find two (2) original copies of a Loan Modification Document Package and one (1) copy for your records, which RUTH RUHL, P.C. ("Firm") has prepared pursuant to the request of its client, Home Point Financial. Please review the Agreement. If it is consistent with your prior discussions with Home Point Financial, please execute the documents **in the presence of a notary** and return to Home Point Financial in the enclosed envelope **provided within five (5) business days of receipt of this package.** Please sign your name exactly as it is printed under the signature line. Witness signatures must be from two different individuals and require their printed name under their signature. <span style="color:red">Failure to return the signed modification documents by (14 days from the date of the letter) may result in Home Point Financial's rescission of this loss mitigation option.</span>

In addition to the documents, please include your initial contribution in certified funds, in the amount of $0.00. This will be necessary to complete and record the modification and includes charges for corporate advances by Home Point Financial, including but not limited to attorney fees and costs, returned check fees and late charge fees. Additional sums may become due as a result of the timing of this letter and agreement. Nothing in this letter or agreement precludes collection of additional advances by Home Point Financial.

The Agreement changes the monthly principal and interest amount of your payment to $1,217.98, effective November 1st, 2019. The taxes and insurance portion of the monthly payment is $1,072.68, with a total payment of $2,290.66 due December 1st, 2019. Please note that the tax and insurance payment amount is subject to change upon escrow analysis. If you are currently making payments under a repayment agreement with Home Point Financial, you are responsible for continuing your payments to Home Point Financial through the effective date of the Agreement. Failure to make the payments may result in Home Point Financial's rescission of this loss mitigation option.

Please note that the Firm is not attempting to collect the debt and its role is to prepare the documents and ensure that the documents are in a recordable format.

If you have any questions regarding the Agreement, please consult with your Home Point Financial Loss Mitigation representative at 800-686-2404.

Sincerely,

Home Point Financial
Enclosures

Home Point Financial Corporation is a debt collector. Home Point Financial Corporation is attempting to collect a debt and any information obtained will be used for that purpose. However, if you are in bankruptcy or received a bankruptcy discharge of the debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.

homepointfinancial.com


EQUAL HOUSING LENDER

Loan No.: ███████

# Borrower and Notary Checklist

Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your loss mitigation documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and/or completion.

- Borrower(s) must sign their name(s) exactly as the printed line below the signature line.
- County, State and date information completed (if applicable) on Borrower's Acknowledgment for each set of documents.
- Notarization date written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents.
- Notary Public's signature and title written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents
- Notary Public's stamp and/or seal placed on Borrower's Acknowledgment when notarizing each set of documents.
- Commission Expiration Date of Notary Public written in on Borrower's Acknowledgment for each set of documents, if required.
- **\*\*DO NOT HAVE DOCUMENTS NOTARIZED BY A FAMILY MEMBER OR A FOREIGN NOTARY\*\***


- **Witness Signatures**

Certain states require witness(es) to your signature. If witness signatures are required on your loan documents, please verify that each witness has signed and printed/typed their name under the signature as indicated. **\*\*BORROWERS CANNOT WITNESS THEIR OWN SIGNATURES. \*\***

**\*\*WITNESS SIGNATURES MUST BE FROM NON-RELATED, DISINTERESTED THIRD PARTIES.\*\***

**NOTE:** The Lender's Acknowledgment portion of the **loan documents** will be completed by the Lender and **SHOULD NOT** be notarized by your notary public.

**After Recording Return To:**
RUTH RUHL, P.C.
Attn:  Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Document Prepared By:**
Ruth Ruhl, Esquire
12700 Park Central Drive, Suite 850
Dallas, TX 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: ▮▮▮▮▮▮
Investor Loan No ▮▮▮▮
MERS No.: ▮▮▮▮▮▮▮▮▮▮

MERS Phone: 1-888-679-6377

# LOAN MODIFICATION AGREEMENT
### (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this    4th    day of    November, 2019          ,
between SHAUN E MEHAFFEY, A MARRIED MAN JOINED BY HIS SPOUSE KRYSTLE MEHAFFEY

("Borrower")

whose address is  15201 85TH RD N, LOXAHATCHEE, Florida 33470
and Home Point Financial Corporation

("Lender"),

whose address is  11511 Luna Road, Suite 200, Farmers Branch, Texas 75234
and Mortgage Electronic Registration Systems, Inc.                          ("MERS") ("Mortgagee"),
amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated
March 23rd, 2015          , granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of
record (solely as nominee for Lender and Lender's successors and assigns), P.O. Box 2026, Flint, Michigan 48501-
2026 and recorded on September 16th, 2015    , in Mortgage Book 27819          , Page 1370                      ,
Instrument No. 20150352092          , Official Records of PALM BEACH          County, Florida                  ,
and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and
personal property described in said Security Instrument and defined therein as the "Property," located at
15201 85TH RD N, LOXAHATCHEE, Florida 33470                                                              ,

**"The portion of the Unpaid Principal Balance which is subject to documentary stamp and intangible
tax is $ 0.00 ."**

---

**FLORIDA LOAN MODIFICATION AGREEMENT**                                          Page 1 of 7
**(FNMA Modified Form 3179 1/01 (rev. 06/18))**

Loan N

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

     In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

     1.    As of December 1st, 2019   , the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 243,945.19   , consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

     2.    Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 4.375  %, from November 1st, 2019  . Borrower promises to make monthly payments of principal and interest of U.S. $ 1,217.98  , beginning on the 1st  day of December  , 2019  , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 4.375  % will remain in effect until principal and interest are paid in full. If on November 1st, 2049  , (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

     3.    If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

     If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

     4.    Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

     (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

     (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No. ████████

5.      Borrower understands and agrees that:

(a)      All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)      All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)      Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)      All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)      Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)      Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging☐.

(g)      "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Mortgagee of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

6.      If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7.      Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been

Loan No. ███████

waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

| | |
|---|---|
| _____ | _____(Seal) |
| Date | SHAUN E MEHAFFEY                   —Borrower |
| | |
| _____ | _____(Seal) |
| Date | KRYSTLE MEHAFFEY, signing solely to    —Borrower |
| | acknowledge this Agreement, but not to incur |
| | any personal liability for the debt |
| | |
| _____ | _____(Seal) |
| Date | —Borrower |
| | |
| _____ | _____(Seal) |
| Date | —Borrower |

Loan No. ███████

# BORROWER ACKNOWLEDGMENT

State of _____ §
                           §
County of _____ §

    The foregoing instrument was acknowledged before me this_____, _____[date], by SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY

                                                    *[name of person acknowledging]*,

who is personally known to me or who has produced _____
*[type of identification]* as identification.

 

_____
Signature of Person Taking Acknowledgment

_____
Name Typed, Printed or Stamped

    Notary Public
_____
Title or Rank

_____
Serial Number, if any

My Commission Expires:_____

Loan No. ███████

_____
                                 -Date

<u>Home Point Financial Corporation</u>_____
                                 -Lender

By: _____

Printed/Typed Name:_____

Its: _____

## LENDER ACKNOWLEDGMENT

State of   Texas             §
                                  §
County of  Dallas           §

       The foregoing instrument was acknowledged before me this_____, _____*[date]*,
by _____ , _____ ,
*[name of officer or agent, title of officer or agent]* of  Home Point Financial Corporation

                                                     , on behalf of said entity.
They are personally known to me or has produced_____
                                                *[type of identification]* as identification.

(Seal)                                _____
                                             Notary Signature
                                Printed/Typed Name:_____

                                Notary Public, State of_____

                                My Commission Expires:_____

Loan No.: ███████

_____
                                                -Date


Mortgage Electronic Registration Systems, Inc.
as nominee for Lender, its successors and        -MERS
assigns



By: _____

Printed/Typed Name: _____

Its:  Assistant Secretary _____


# MERS ACKNOWLEDGMENT

State of    Texas                          §
                                           §
County of  Dallas                          §

    The foregoing instrument was acknowledged before me this_____, _____*[date]*,
by_____, Assistant Secretary of Mortgage Electronic Registration Systems,
Inc., as nominee for Lender, its successors and assigns, on behalf of said entity.  They are personally known to me or
has produced
_____*[type of identification]* as identification.


(Seal)                          _____
                                                                        Notary Signature
                                Printed/Typed Name:_____

                                Notary Public, State of_____

                                My Commission Expires:_____

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

| | |
|---|---|
| _____ | _____ |
| SHAUN E MEHAFFEY         -Borrower | KRYSTLE MEHAFFEY, signing solely   -Borrower<br>to acknowledge this Agreement, but not to<br>incur any personal liability for the debt |

| | |
|---|---|
| _____ | _____ |
| -Borrower | -Borrower |

Loan No.: 

# CORRECTION AGREEMENT

**Borrower(s):** SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY

**Property:** 15201 85TH RD N, LOXAHATCHEE, Florida 33470

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

"Borrower" **is** SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY.

"Lender" **is** Home Point Financial Corporation

**, and its successors or assigns.**
"Loan" **means the debt evidenced by the Note and all sums due under the Security Instrument.**
"Note" **means the promissory note(s) signed by Borrower in favor of Lender or any assignee of Lender.**
"Security Instrument" **means the Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.**

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: **In consideration of the Loan Modification Agreement offered by Lender in the amount of $243,945.19 , which modifies the Note and Security Instrument, and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department of Housing and Urban Development (HUD) or Department of Veteran's Affairs (VA), if applicable, or to conform with and be acceptable to the Federal National Mortgage Association (FNMA), Federal Home Loan Mortgage Corporation (FHLMC), Government National Mortgage Association (GNMA), or any other investor.**

REQUEST BY LENDER: **Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address indicated in the Loan documentation shall be considered conclusive evidence of the necessity for Requested Documents.**

BORROWER LIABILITY: **If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.**

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

| | |
|---|---|
| _____ | _____ |
| SHAUN E MEHAFFEY          **-Borrower (Date)** | KRYSTLE MEHAFFEY,          **-Borrower (Date)**<br>signing solely to acknowledge<br>this Agreement, but not to<br>incur any personal liability for<br>the debt |
| _____ | _____ |
| **-Borrower (Date)** | **-Borrower (Date)** |

Loan No.: ██████████

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                    BORROWER:

_____          _____
N/A Modification                   (Date)   SHAUN E MEHAFFEY                 (Date)

_____          _____
N/A Modification                   (Date)   KRYSTLE MEHAFFEY, signing solely to  (Date)
                                            acknowledge this Agreement, but not to
                                            incur any personal liability for the debt

_____          _____
                                   (Date)                                     (Date)

_____          _____
                                   (Date)                                     (Date)



**HOME POINT FINANCIAL**

Home Point Financial Corporation
4849 Greenville Avenue
Suite 800
Dallas, Texas 75206

October 1st, 2019                VIA OVERNIGHT COURIER

SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY
15201 85TH RD N
LOXAHATCHEE, Florida 33470

Re:      Loan No.: ▉▉▉▉▉▉
         Property Address:  15201 85TH RD N, LOXAHATCHEE, Florida 33470

Dear SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY:

Enclosed please find two (2) original HUD Partial Claim Document Packages ("Documents") and one (1) copy for your records which RUTH RUHL, P.C. has prepared pursuant to the request of its client, Home Point Financial. Please review the HUD Partial Claim Document Package to include the Subordinate Note and Subordinate Security Instrument.  If it is consistent with your prior discussions with Home Point Financial, please execute the documents in the presence of a notary and return in the overnight courier envelope provided within 14 business days of receipt of this package.  Please sign your name exactly as it is printed under the signature line.  If witness signatures are required, each witness signature must be from two different individuals with their printed name under their signature.

In addition to the Documents, please include your initial contribution in certified funds, in the amount of $0.00.

PLEASE NOTE THAT TIME IS OF THE ESSENCE.  Failure to return the Documents within the above time frame may result in Home Point Financial's rescission of this loss mitigation option.  This document package will be returned to RUTH RUHL, P.C. merely for the purpose of ensuring that the documents are executed properly and in recordable form for recordation in the county where the property is located.  Please note that RUTH RUHL, P.C. is not attempting to collect the debt and its role is to prepare the Documents and ensure that the Subordinate Security Instrument is in a recordable format.

If you have any questions regarding the Documents, please consult with your Home Point Financial Loss Mitigation Representative at 800-686-2404.

Sincerely,

Home Point Financial
Enclosures

Home Point Financial Corporation is a debt collector.  Home Point Financial Corporation is attempting to collect a debt and any information obtained will be used for that purpose.  However, if you are in bankruptcy or received a bankruptcy discharge of the debt, this communication is not an attempt to collect the debt against you personally, but is notice of a possible enforcement of the lien against the collateral property.



Loan No.: ███████

# Borrower and Notary Checklist

Please carry this sheet with you when you have your documents notarized. This checklist is being provided to ensure that your loss mitigation documents are correctly executed. If any of the following steps are not completed, or are completed incorrectly, the documents will be returned to you for correction and/or completion.

- Borrower(s) must sign their name(s) exactly as the printed line below the signature line.
- County, State and date information completed (if applicable) on Borrower's Acknowledgment for each set of documents.
- Notarization date written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents.
- Notary Public's signature and title written in by Notary Public when notarizing Borrower's Acknowledgment for each set of documents
- Notary Public's stamp and/or seal placed on Borrower's Acknowledgment when notarizing each set of documents.
- Commission Expiration Date of Notary Public written in on Borrower's Acknowledgment for each set of documents, if required.
- **\*\*DO NOT HAVE DOCUMENTS NOTARIZED BY A FAMILY MEMBER OR A FOREIGN NOTARY\*\***


- **Witness Signatures**

Certain states require witness(es) to your signature. If witness signatures are required on your loan documents, please verify that each witness has signed and printed/typed their name under the signature as indicated. **\*\*BORROWERS CANNOT WITNESS THEIR OWN SIGNATURES. \*\***

**\*\*WITNESS SIGNATURES MUST BE FROM NON-RELATED, DISINTERESTED THIRD PARTIES.\*\***

**NOTE**: The Lender's Acknowledgment portion of the **loan documents** will be completed by the Lender and **SHOULD NOT** be notarized by your notary public.

Loan No.: 

FHA Case No.

# PROMISSORY NOTE

October 1st, 2019

15201 85TH RD N, LOXAHATCHEE, Florida 33470

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of eighty three thousand six hundred forty two and 11/100          Dollars (U.S. $  83,642.11          ), to the order of the Lender.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

### (A) Time

On  November 1st, 2049        or, if earlier, when the first of the following events occurs:

(i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

(ii)   The maturity date of the primary Note has been accelerated, or

(iii)  The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

### (B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Loan No.: ███████

## 6.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.  "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

## 8.  DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the Subordinate Mortgage securing this indebtedness.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____               _____(Seal)
Date                                                                SHAUN E MEHAFFEY                        −Borrower

_____               _____(Seal)
Date                                                                                                                         −Borrower

_____               _____(Seal)
Date                                                                                                                         −Borrower

_____               _____(Seal)
Date                                                                                                                         −Borrower

**After Recording Return To:**
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

**This Document Prepared By:**
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

Loan No.: ▮▮▮▮▮▮ _____[Space Above This Line For Recording Data]_____

FHA Case N▮ ▮▮▮▮▮▮▮▮▮

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on      October 1st, 2019      . The Mortgagor is      SHAUN E MEHAFFEY, A MARRIED MAN JOINED BY HIS SPOUSE and KRYSTLE MEHAFFEY
whose address is 15201 85TH RD N, LOXAHATCHEE, Florida 33470                              ("Borrower").
This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender").  Borrower owes Lender the principal sum of
eighty three thousand six hundred forty two and 11/100                                        Dollars
(U.S. $ 83,642.11       ).  This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on  November 1st, 2049 .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender the following described property located in   PALM BEACH      County, Florida:

First Lien Mortgage Information: Dated March 23rd, 2015 and recorded in Book 27819, Page 1370, Instrument No. 20150352092.

**"This document is exempt from intangible tax because the Lender is a government agency."**

---

FLORIDA PARTIAL CLAIM MORTGAGE                                                          Page 1 of 4
                                                                                        Rev. 06/15

Loan No.: 

SEE EXHIBIT "A"  ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of  15201 85TH RD N, LOXAHATCHEE, Florida 33470

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property.  All replacements and additions shall also be covered by this Security Instrument.  All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

   1.   **Payment of Principal.**  Borrower shall pay when due the principal of the debt evidenced by the Note.

   2.   **Borrower Not Released; Forbearance By Lender Not a Waiver.**  Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

   3.   **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower.  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

---

**FLORIDA PARTIAL CLAIM MORTGAGE**                                                      Page 2 of 4
                                                                                        Rev. 06/15

Loan No.: ███████

**4.    Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**5.    Governing Law; Severability.**  This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

**6.    Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

**7.    Acceleration; Remedies.  Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise).  The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act.  Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.**

**8.    Release.**  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument.  Borrower shall pay any recordation costs.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9.    Attorneys' Fees.**  As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

**10.    Jury Trial Waiver.**  The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

---

**FLORIDA PARTIAL CLAIM MORTGAGE**

Loan No.: ████████

       BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____     _____(Seal)
Date                              SHAUN E MEHAFFEY       –Borrower

_____     _____(Seal)
Date                              KRYSTLE MEHAFFEY, signing solely to  –Borrower
                                             acknowledge this Agreement, but not to incur
                                             any personal liability for the debt

_____     _____(Seal)
Date                                                          –Borrower

_____     _____(Seal)
Date                                                          –Borrower

_____[Space Below This Line for Acknowledgment]_____

State of _____     §
                            §
County of _____   §

       The foregoing instrument was acknowledged before me this_____ ,_____ , [date] by SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY

                                                           [name of person acknowledging],
who is personally known to me or who has produced _____[type of identification] as identification.

                                         _____
                                         Signature of Person Taking Acknowledgment

                                         _____
                                         Name, Typed, Printed or Stamped

                                          Notary Public_____
                                         Title or Rank

                                         _____
                                         Serial Number, if any

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____          _____
SHAUN E MEHAFFEY                     -Borrower      KRYSTLE MEHAFFEY, signing solely      -Borrower
                                                    to acknowledge this Agreement, but not to
                                                    incur any personal liability for the debt

_____          _____
                                     -Borrower                                          -Borrower

Loan No 

# CORRECTION AGREEMENT

**Borrower(s):** SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY          **Property:** 15201 85TH RD N, LOXAHATCHEE, Florida 33470

**Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.**

"Borrower" **is** SHAUN E MEHAFFEY and KRYSTLE MEHAFFEY  .

"Lender" **is** Secretary of Housing and Urban Development

**, and its successors or assigns.**
**"Loan" means the debt evidenced by the Note and all sums due under the Subordinate Security Instrument.**
**"Note" means the promissory note(s) signed by Borrower in favor Lender or any assignee of Lender.**
**"Security Instrument" means the Subordinate Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.**

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: **In consideration of the HUD Partial Claim offered by Lender in the amount of $83,642.11 and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree to comply with Lender's request to assure that the Loan documentation executed this date will enable Lender, or any other investor,  to enforce its rights under the Loan documents.**

REQUEST BY LENDER:  **Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be** prima facie **evidence of the necessity for same. A written statement addressed to Borrower at the address in the Loan documents shall be considered conclusive evidence of the necessity for Requested Documents.**

BORROWER LIABILITY:  **If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.**

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

**I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.**

_____        _____
SHAUN E MEHAFFEY            **-Borrower (Date)**    KRYSTLE MEHAFFEY,          **-Borrower (Date)**
                                    signing solely to acknowledge
                                    this Agreement, but not to incur
                                    any personal liability for the
                                    debt

_____        _____
                            **-Borrower (Date)**                               **-Borrower (Date)**

Loan No.: ███████

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:

BORROWER:

_____
N/A Modification
                                    (Date)

_____
                                    (Date)
SHAUN E MEHAFFEY

_____
N/A Modification
                                    (Date)

_____
                                    (Date)
KRYSTLE MEHAFFEY, signing solely to
acknowledge this Agreement, but not to
incur any personal liability for the debt

_____
                                    (Date)

_____
                                    (Date)

_____
                                    (Date)

_____
                                    (Date)